UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

FREEPLAY MUSIC, LLC,

                Plaintiff,

    v.

BROADBAND TV CORP.,

                Defendant.

------------------------------------------------------------------X

CIVIL ACTION:

15-CV-01121 (AT) (HBP)

BROADBANDTV CORP.'S
AMENDED ANSWER AND
COUNTERCLAIM

       Defendant BroadbandTV Corp. i/s/h/a Broadband TV Corp. ("BBTV"), through its undersigned attorneys, Nicholas Goodman & Associates, PLLC, hereby answers the Complaint of Plaintiff Freeplay Music, LLC ("Freeplay"), as follows:

       1.    To the extent that the allegations and commentary contained in Paragraph "1" of Freeplay's Complaint require a response, BBTV denies having knowledge and information sufficient to form a belief as to the truth of those allegations and commentary, except that BBTV denies Freeplay's characterization of multi-channel networks ("MCNs") and their responsibilities, and denies that it misappropriated Freeplay's copyrighted music and profited from that alleged misappropriation.

       2.    To the extent that the allegations and commentary contained in Paragraph "2" of Freeplay's Complaint require a response, BBTV denies having knowledge and information sufficient to form a belief as to the truth of those allegations and commentary.

       3.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "3" of Freeplay's Complaint, except denies any unauthorized use or exploitation of Freeplay's allegedly copyrighted music.

1

4. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "4" of Freeplay's Complaint, except denies that it recognized that Freeplay's copyrights were being infringed, denies that it infringed Freeplay's copyrights and denies that Freeplay negotiated with BBTV in good faith.

5. Denies the allegations contained in Paragraph "5" of Freeplay's Complaint.

6. Denies having knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph "6" of Freeplay's Complaint.

7. Admits the allegations contained in Paragraph "7" of Freeplay's Complaint.

8. Paragraph "8" of Freeplay's Complaint states conclusions of law that do not require a response, except that BBTV refers all matters of law contained therein to the Court.

9. Paragraph "9" of Freeplay's Complaint states a conclusion of law that does not require a response, except that BBTV refers all matters of law contained therein to the Court.

10. Admits only that it conducts business over the internet, but denies performing acts that caused harm to Freeplay and infringed Freeplay's alleged copyrights.

11. To the extent that the allegations and puffery contained Paragraph "11" of Freeplay's Complaint require a response, BBTV denies having knowledge and information sufficient to form a belief as to the truth of those allegations and puffery.

12. To the extent that the allegations and puffery contained Paragraph "12" of Freeplay's Complaint require a response, BBTV denies having knowledge and information sufficient to form a belief as to the truth of those allegations and puffery.

13. To the extent that the allegations and puffery contained Paragraph "13" of Freeplay's Complaint require a response, BBTV denies having knowledge and information sufficient to form a belief as to the truth of those allegations and puffery.

14. To the extent that the allegations and commentary contained Paragraph "14" of Freeplay's Complaint require a response, BBTV denies having knowledge and information sufficient to form a belief as to the truth of those allegations and commentary.

15. To the extent that the allegations and puffery contained Paragraph "15" of Freeplay's Complaint require a response, BBTV denies having knowledge and information sufficient to form a belief as to the truth of those allegations and puffery.

16. To the extent that the allegations and commentary contained Paragraph "16" of Freeplay's Complaint require a response, BBTV denies having knowledge and information sufficient to form a belief as to the truth of those allegations and commentary.

17. Denies having knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph "17" of Freeplay's Complaint.

18. Denies having knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph "18" of Freeplay's Complaint.

19. Denies having knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph "19" of Freeplay's Complaint.

20. Denies the allegations contained in Paragraph "20" of Freeplay's Complaint.

21. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "21" of Freeplay's Complaint.

22. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "22" of Freeplay's Complaint.

23. To the extent that the allegations and commentary contained Paragraph "23" of Freeplay's Complaint require a response, BBTV denies having knowledge and information sufficient to form a belief as to the truth of those allegations and commentary, except BBTV admits that at all times relevant herein Freeplay allowed users to exploit its allegedly copyrighted music without charge in videos posted on YouTube.

24. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "24" of Freeplay's Complaint, except admits that at all times relevant herein Freeplay made titles available at no charge for use in videos posted on YouTube.

25. Denies that the allegations contained in Paragraph "25" accurately describe Freeplay's website and its operation as they existed at any time relevant to the alleged infringements enumerated in Freeplay's Complaint, and otherwise denies knowledge or information sufficient to form a belief as to the truth of those allegations.

26. Denies that the allegations contained in Paragraph "26" accurately describe Freeplay's website and its operation as they existed at any time relevant to the alleged infringements enumerated in Freeplay's Complaint, and otherwise denies knowledge or information sufficient to form a belief as to the truth of those allegations.

27. Denies that the terms of the synchronization license characterized and quoted in Paragraph "27" of Freeplay's Complaint were the same, or were in effect, at any time relevant to the alleged infringements enumerated in Freeplay's Complaint, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "27" of Freeplay's Complaint.

28. Denies that the allegations contained in Paragraph "28" of Freeplay's Complaint accurately describe Freeplay's website and its operations as they existed at any time relevant to the alleged infringements enumerated in Freeplay's Complaint, and otherwise denies knowledge or information sufficient to form a belief as to the truth of those allegations.

29. Denies having knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph "29" of Freeplay's Complaint.

30. To the extent that the allegations and puffery contained Paragraph "30" of Freeplay's Complaint require a response, BBTV denies having knowledge and information sufficient to form a belief as to the truth of those allegations and puffery.

31. To the extent that the allegations and commentary contained Paragraph "31" of Freeplay's Complaint require a response, BBTV denies having knowledge and information sufficient to form a belief as to the truth of those allegations and commentary.

32. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "32" of Freeplay's Complaint.

33. To the extent that the allegations and commentary contained Paragraph "33" of Freeplay's Complaint require a response, BBTV denies having knowledge and information sufficient to form a belief as to the truth of those allegations and commentary, except that BBTV denies the rampant use of Freeplay's copyrighted music on MCNs, and BBTV denies that it infringed Freeplay's alleged copyrights.

34. Denies having knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "34" of Freeplay's Complaint.

35. Admits only that BBTV is a media and technology company that, among other things, offers its content providers services and tools designed to increase and/or enhance viewership.

36. Denies the allegations contained in Paragraph "36" of Freeplay's Complaint.

37. Denies having knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "37" of Freeplay's Complaint.

38. Denies having knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "38" of Freeplay's Complaint.

39. Denies the allegations contained in Paragraph "39" of Freeplay's Complaint.

40. Denies the allegations contained in Paragraph "40" of Freeplay's Complaint.

41. Denies the allegations contained in Paragraph "41" of Freeplay's Complaint.

42. Denies the allegations contained in Paragraph "42" of Freeplay's Complaint.

43. Denies having knowledge sufficient to form a belief as to the allegations contained in Paragraph "43" of Freeplay's Complaint.

44. Denies having knowledge sufficient to form a belief as to the allegations contained in Paragraph "44" of Freeplay's Complaint.

45. Denies the allegations contained in Paragraph "45" of Freeplay's Complaint.

46. Denies having knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph "46" of Freeplay's Complaint, except denies that BBTV exploited Freeplay's copyrighted music without authorization and denies that Freeplay negotiated with it in good faith.

47. Denies the allegations contained in Paragraph "47" of Freeplay's Complaint.

48. Denies knowledge and information sufficient to form a belief as to whether Freeplay

negotiated with many MCNs, denies that Freeplay negotiated with BBTV in good faith, and otherwise denies the allegations contained in Paragraph "48" of Freeplay's Complaint.

49. Denies the allegations contained in Paragraph "49" of Freeplay's Complaint.

50. Denies the allegations contained in Paragraph "50" of Freeplay's Complaint.

51. Denies the allegations contained in Paragraph "51" of Freeplay's Complaint.

### AS AND FOR BBTV'S RESPONSE TO FREEPLAY'S COUNT 1: COPYRIGHT INFRINGMENT

52. BBTV repeats, reiterates and realleges each and every one of its responses to Paragraphs "1" through "51" of Freeplay's Complaint with the same force and effect as though same were more fully set forth herein.

53. Paragraph "53" of Freeplay's Complaint contains a statement of law not requiring a response, except that BBTV refers all matters of law contained therein to the Court.

54. Denies that each of the copyrights enumerated in Freeplay's Complaint was registered in the United States Copyright Office by Freeplay.

55. Denies the allegations contained in Paragraph "55" of Freeplay's Complaint.

56. Denies the allegations contained in Paragraph "56" of Freeplay's Complaint.

57. Denies the allegations contained in Paragraph "57" of Freeplay's Complaint.

58. Denies the allegations contained in Paragraph "58" of Freeplay's Complaint.

59. Denies the allegations contained in Paragraph "59" of Freeplay's Complaint.

60. Denies the allegations contained in Paragraph "60" of Freeplay's Complaint.

61. Denies the allegations contained in Paragraph "61" of Freeplay's Complaint.

### First Affirmative Defense

62. Freeplay's Complaint is barred, in whole or in part, because it fails to state facts sufficient to make out a *prima facie* claim of copyright infringement against BBTV.

**Second Affirmative Defense**

63. Freeplay's Complaint is barred, in whole or in part, because Freeplay's alleged damages, if any, were caused by the acts or omissions of third parties beyond BBTV's control.

**Third Affirmative Defense**

64. Freeplay's Complaint is barred, in whole or in part, because the allegedly infringed works were not original to Freeplay and/or do not constitute protectable copyrightable matter.

**Fourth Affirmative Defense**

65. Freeplay is barred from recovering statutory damages and attorneys' fees under 17 U.S.C. § 504 because Freeplay failed to comply with 17 U.S.C. § 412.

**Fifth Affirmative Defense**

66. Freeplay's Complaint is barred, in whole or in part, because BBTV did not encourage or induce the alleged primary infringements and BBTV did not have, and could not reasonably have had, such knowledge of the alleged primary infringements so as to expose BBTV to liability for copyright infringement.

**Sixth Affirmative Defense**

67. Freeplay's Complaint is barred, in whole or in part, to the extent that Freeplay's alleged copyright registrations are defective and/or Freeplay failed to register those copyrights with the United States Copyright Office.

**Seventh Affirmative Defense**

68. Freeplay Complaint is barred, in whole or in part, because under Freeplay's terms of use in effect at all times relevant to the infringements alleged in Freeplay's Complaint,

Freeplay licensed and/or consented to the use of the allegedly copied music for the purposes for which that music was used.

### Eighth Affirmative Defense

69.     Freeplay is barred, in whole or in part, from recovering damages from BBTV because Freeplay failed to mitigate its damages, if any, by consciously delaying and/or refusing to utilize available procedures and mechanisms to cause the allegedly infringing videos to be removed from YouTube in a calculated effort to coerce exorbitant license fees from BBTV.

### Ninth Affirmative Defense

70.     Freeplay is barred, in whole or in part, from recovering damages from BBTV because Freeplay failed to mitigate its damages, if any, not only by failing to pursue remedies from the creators of the allegedly infringing videos, but also by actually refusing to negotiate with creators of the allegedly infringing videos when those creators contacted Freeplay in an effort to resolve Freeplay's allegations, all as part of Freeplay's calculated effort to coerce exorbitant license fees from BBTV.

### Tenth Affirmative Defense

71.     Freeplay's Complaint is barred, in whole or in part, pursuant to the doctrine of acquiescence.

### Eleventh Affirmative Defense

72.     Freeplay's Complaint is barred, in whole or in part, pursuant to the doctrine of laches.

### Twelfth Affirmative Defense

73.     Freeplay's Complaint is barred, in whole or in part, pursuant to the doctrine of waiver.

**Thirteenth Affirmative Defense**

74. Freeplay's Complaint is barred, in whole or in part, pursuant to the doctrine of estoppel.

**Fourteenth Affirmative Defense**

75. Freeplay's Complaint is barred, in whole or in part, to the extent that Freeplay has forfeited or abandoned its rights.

**Fifteenth Affirmative Defense**

76. Freeplay's Complaint is barred, in whole or in part, by the doctrine of unclean hands.

**Sixteenth Affirmative Defense**

77. Freeplay's Complaint is barred, in whole or in part, because any use of the allegedly infringed works was *de minimis*.

**BBTV'S COUNTERCLAIM**

78. Defendant/Counterclaim Plaintiff BroadbandTV Corp. ("BBTV"), as and for its Counterclaim against Plaintiff/Counterclaim Defendant Freeplay Music, LLC ("Freeplay"), alleges as follows:

**BACKGROUND**

79. This Counterclaim arises out of Freeplay's deceptive, misleading and false representations that music from its catalogue was available for consumers to download for use in videos posted on YouTube free of charge. Freeplay's representations have deceived YouTube content creators into believing that, consistent with the name "Freeplay," Freeplay's music was in fact free for that use. Once so deceived, YouTube content creators and others with whom they affiliated themselves, including BBTV, have faced threats, takedown notices and lawsuits from Freeplay as it seeks to extract payments for synchronization licenses that were ostensibly free.

Freeplay's actions have damaged BBTV and other Multi-Channel Networks, and they have damaged individual YouTube content creators in the State of New York and beyond.

## JURISDICTION AND VENUE

80. This Counterclaim arises under New York General Business Law §§ 349 and 350.

81. This Court has supplemental jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§ 1338(b) and 1367.

82. Venue is proper in this District under 28 U.S.C. § 1391.

83. The Court has personal jurisdiction over Freeplay because, among other things, Freeplay does business in the State of New York and has waived any objection to personal jurisdiction by commencing its action against BBTV in this District.

## THE PARTIES

84. BBTV is a Canadian corporation, with a principal place of business in Vancouver, British Columbia, Canada.

85. BBTV is a media and technology company founded in 2005. As part of its business, BBTV operates a Multi-Channel Network ("MCN") primarily consisting of YouTube "channels." BBTV accepts select YouTube channels to be part of its MCN. The large majority of the YouTube channels comprising BBTV's MCN were and are created and operated by individual YouTube content providers. These content providers post videos on their YouTube channels and generate revenue from advertisements sold and imbedded by YouTube.

86. Among other things, BBTV offers its content providers various services aimed at helping to increase channel viewership and/or viewer engagement. In return, BBTV becomes entitled to a portion of the revenues generated by the content providers' channels.

87. BBTV did not produce, or add or edit any music contained in any of the allegedly infringing videos identified in Freeplay's Complaint (the "Accused Videos"). The content providers who created and uploaded the Accused Videos operated and controlled their channels independently.

88. Upon information and belief, Freeplay is a Delaware limited liability company, with its principal place of business in New York City, New York.

89. Freeplay owns and operates a website (www.freeplaymusic.com) that allows customers to access a catalogue of music and purports to feature free music.

90. Upon information and belief, at least as early as July 2013, after a potential YouTube video creator was lured to Freeplay's website under the promise of "free" music, that creator would then search for and preview "15,000 SONGS, FREE MUSIC FOR YOUTUBE AND MORE."

91. Having chosen a musical composition from Freeplay's catalog, the creator would then have been prompted to enter a "Free YouTube Use" license (the "License"). The License did not require payment by the licensee.

92. As of July 2013, Freeplay's website included a "Terms of Use Agreement" ("Freeplay's 2013 Terms of Use"). Upon information and belief, at all times relevant to the creation and posting of the Accused Videos, Paragraph "2(e)" of Freeplay's 2013 Terms of Use read in its entirety:

> Subject to your full compliance with all of Freeplay and YouTube's terms and conditions, including but not limited to those listed here in this paragraph 2(e), the Terms of Use and the full execution of a Freeplay YouTube license, Freeplay grants free master recording and synchronizations rights to users for use on YouTube. As part of the preceding, Freeplay and YouTube retain the right to and are permitted to post advertisements in any manner on, before, or otherwise connected to your video for any purpose, including without limitation,

monetization without Licensee's prior consent when such video is posted on YouTube or any other YouTube-based platform.

93. Freeplay's 2013 Terms of Use did not include any other description, definition or qualification of "Free YouTube Use."

94. Further, the License did not reference or incorporate Freeplay's Terms of Use, and upon information and belief, Freeplay did not otherwise require a YouTube content creator entering into a License to agree to or even to acknowledge the Freeplay 2013 Terms of Use.

95. Even had an intrepid YouTube content creator undertaken to navigate Freeplay's website and discovered Freeplay's 2013 Terms of Use, and had that content creator reviewed Paragraph 2(e) thereof, he or she would not reasonably have interpreted that paragraph to require the purchase of a paid license for videos posted on a YouTube channel that was part of an MCN.

96. Indeed, upon being confronted with Freeplay's allegations of copyright infringement herein, BBTV content providers advised that they understood Freeplay's Terms of Use to allow them to include their videos on BBTV's MCN. Upon information and belief, YouTube content creators who provided their content to other MCNs were similarly misled.

97. Sometime between October 8, 2014, and November 1, 2014, after the Accused Videos had been posted to YouTube and made part of BBTV's MCN, and in the midst of Freeplay's attempt to coerce exorbitant license fees from BBTV and other MCNs, Freeplay altered its Terms of Use Agreement (the "October 2014 Terms of Use") and created new YouTube licensing provisions. Freeplay began to offer two types of "free" licenses for music used in YouTube videos: a "YouTube: Personal use on YouTube only" license and an "Internet: Personal Use (YouTube only)" license. Upon choosing either option on Freeplay's website, a "Master Recording/Synchronization License," a new version of the aforementioned License (the "New License"). Section 4 of the New License provided as follows:

- If the consumer selects the option for "YouTube: Personal use on YouTube only," the License permits "YouTube Personal use on YouTube only."

- If the consumer selects the option for "Internet: Personal Use (YouTube only)," the License permits "Internet Personal Use (YouTube only)."

98. But the New License does not contain a definition of "personal use" nor does it incorporate any other terms by reference or offer a link to any other definitions.

99. The October 2014 Terms of Use also included a new sentence in Paragraph 2(e), as follows:

> Subject to your full compliance with all of Freeplay and YouTube's terms and conditions, including but not limited to those listed here in this paragraph 2(e), the Terms of Use and the full execution of a Freeplay YouTube license, Freeplay grants free master recording and synchronization rights to users for person use only on YouTube. *Please see the description of "Personal Use" in paragraph 2(d) herein.* As part of the preceding, Freeplay and YouTube retain the right to and are permitted to post advertisements in any manner on, before, or otherwise connected to your video for any purpose, including without limitation, monetization without the Licensee's prior consent when such video is posted on YouTube or any other YouTube based platforms.

Emphasis supplied.

100. However, Paragraph 2(d) does not provide a description of "Personal Use" but instead describes "Free Student Educational Use."

101. Paragraph 2(c) of Freeplay's October 2014 Terms of Use does attempt to provide meaning to "Free Personal Use," as follows:

> Subject to your full and complete compliance with the terms of this paragraph 2(c), the Terms of Use and the full execution of a Freeplay license, Freeplay grants you free master recording and synchronization rights, to the Freeplay Production Music Library, excluding the Freeplay Indie Artist and Sound Effects Library, when Freeplay music is used for person non-commercial purposes (ie. Personal listening pleasure, personal slide shows, etc.) The use and purpose must be non-revenue generating, either directly or indirectly (promo, demo or other similar uses are

> consider [sic] indirectly revenue generating for the purposes of the preceding sentence) *and must not appear or be uploaded to any website.* Free Personal use excludes broadcast use of any kind, including without limitation, web, blog, and podcast, gaming or shareware.

Emphasis supplied.

102. The purported prohibition against uploading "to any website" is of course directly contrary to other provisions of the October 2014 Terms of Use, including most significantly the above quoted Paragraph "2(e)" for the simple reason that YouTube is a website. Thus Paragraph "2(c)" only heighten the confusion and deception permeating the Freeplay website.

103. Then sometime between November 11, 2014, and December 9, 2015, again long after the Accused Videos had been created, posted on YouTube and incorporated into BBTV's MCN, and while Freeplay continued to threaten BBTV and other MCNs with litigation for alleged copyright infringement, Freeplay added a new sentence to Paragraph "2(e)" of its October 2014 Terms of Use:

> A Free Personal YouTube Use DOES NOT include Multi-Channel Network managed channel use.

104. Although Freeplay added this sentence after October 2014, to date Freeplay's Terms of Use Agreement continues to state "Last Updated: October 2014."

105. Freeplay's determination to add the purported prohibition on Multi-Channel Network managed channel use of YouTube videos in late 2014, coinciding with Freeplay's preparation for litigation against a number of MCNs, establishes Freeplay's recognition that its previous Terms of Use Agreements allowed for Multi-Channel Network managed channel use of YouTube videos.

106. But critically, the recent addition of the purported prohibition on Multi-Channel Network managed channel use was not and is not incorporated into, or even referenced in, Freeplay's "Master Recording / Synchronization License." Thus Freeplay continues to perpetrate

confusion and deception about Multi-Channel Network managed channel use of YouTube videos to the detriment and damage of consumers in the State of New York and elsewhere, and to the detriment and damage of BBTV and other MCNs.

<strong><u>VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 349</u></strong>

107.  BBTV repeats and re-alleges the allegations in Paragraphs "78" through "106" as if fully set forth herein.

108.  Freeplay has made false, deceptive, and misleading descriptions and representations of that fact constitute unfair and deceptive business practices under § 349 of the New York General Business Law.

109.  Freeplay's false, deceptive, and misleading descriptions and representations that its music is "free," without disclosure, much less adequate disclosure, of the conditions and limitations under which it purports to license music, are deceptive and materially misleading.

110.  Freeplay's false, deceptive, and misleading advertising and statements of fact are directed toward consumers in general, and have resulted in consumer injury and harm to the public interest in the State of New York and nationwide, and threaten to result in more harm.

111.  The transactions by which Freeplay caused such harm occurred in the State of New York. These transactions include, among other things, the purporting licensing and downloading transactions that took place on Freeplay's website, which, upon information and belief, is maintained and operated from Freeplay's place of business in New York.

112.  Freeplay's conduct has caused, and will continue to cause, irreparable injury to consumers in the State of New York, and to BBTV, including injury to businesses, reputations, goodwill and viewership, for which there is no adequate remedy at law. BBTV is entitled to an injunction restraining Freeplay, its agents, employees, representatives and all person acting in

concert with it from engaging in further acts of false advertising, and ordering the removal of all of Freeplay's false advertisements.

113. By reason of Freeplay's conduct, BBTV has suffered injury in an amount to be proven at trial.

114. Freeplay's conduct is and, at all relevant times, has been willful, deliberate, intentional, and in bad faith. Accordingly, BBTV is entitled to recover treble damages and reasonable attorney's fees.

## VIOLATION OF NEW YORK BUSINESS LAW § 350 *et seq.*

115. BBTV repeats and re-alleges the allegations in Paragraphs "78" through "114" as if fully set forth herein.

116. Freeplay has made, published, disseminated, and circulated false, deceptive, and misleading statements, representations, and advertisements that constitute false advertising under the law of the various states, including New York General Business Law § 350 *et seq*.

117. Freeplay's false, misleading, and deceptive representations and advertisements that its music is "free," without adequate disclosure of the conditions and limitations under which its music is not actually free are deceptive and materially misleading.

118. Freeplay's false, misleading, and deceptive representations and advertisements are directed toward consumers, and have resulted in consumer injury and harm to the public in New York and nationwide.

119. The transactions by which such harm was caused occurred in State of New York. These transactions include, among other things, the licensing and downloading transactions that took place on Freeplay's website that, upon information and belief, is maintained and operated from Freeplay's place of business in the State of New York.

120.   By reason of Freeplay's conduct, BBTV has suffered injury in fact in an amount to be proven at trial.

121.   Freeplay's conduct has caused, and will continue to cause, irreparable injury to New York consumers, and to BBTV, including injury to businesses, reputations, goodwill and viewership, for which there is no adequate remedy at law. BBTV is entitled to an injunction restraining Freeplay, its agents, employees, representatives and all persons acting in concert with it from engaging in further acts of false advertising, and ordering removal of all of Freeplay's false advertisements.

122.   Freeplay's conduct is and, at all relevant times, has been willful, deliberate, intentional, and in bad faith. Plaintiff is thus entitled to recover treble damages and reasonable attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant/Counterclaim Plaintiff BroadbandTV Corp. i/s/h/a Broadband TV Corp., demands judgement dismissing the Complaint of Plaintiff/Counterclaim Defendant Freeplay Music, LLC, and demands judgment against Freeplay Music, LLC, on its Counterclaim as follows:

1. For injunctive relief prohibiting Freeplay, its agents, or anyone working for, in concert with or on behalf of Freeplay from publishing, disseminating and/or promoting: (a) any advertisements or materials, including on Freeplay's website, that misrepresent that Freeplay's music is "free" for use in all videos posted on YouTube without disclosing all applicable conditions and limitations on such use, including all such conditions or limitations set forth in the Terms of Use Agreement and license agreements on Freeplay's website, explicitly and conspicuously, and in immediate

proximity to all representations by which Freeplay claims that its music is "free" for that purpose; (b) all other false, misleading and deceptive statements, representations and advertisements described in this Counterclaim; and (c) all other false, misleading and deceptive statements, representations and advertisements as determined at trial or other proceeding in this action.

2. For an Order directing Freeplay to account for and pay to BBTV all profits derived by Freeplay from the acts complained of herein.

3. That BBTV be awarded damages sustained as a result of Freeplay's wrongful conduct.

4. The foregoing damages and profits be trebled and awarded to BBTV as a result of Freeplay's willful, intentional, and deliberate acts.

5. That BBTV recover its costs and reasonable attorneys' fees.

6. That BBTV be granted prejudgment and post judgement interest.

7. That BBTV be granted such other and further relief as the Court deems just and proper.

**[Remainder of page intentionally left blank]**

## DEMAND FOR JURY TRIAL

BBTV requests a trial by jury on all issues herein.

Dated: New York, New York
July 9, 2015

        Yours, etc.
        NICHOLAS GOODMAN & ASSOCIATES, PLLC

By: /s/ H. Nicholas Goodman
    H. Nicholas Goodman, Esq.
    Email: ngoodman@ngoodmanlaw.com
    Brent M. Reitter, Esq.
    Email: breitter@ngoodmanlaw.com
    30 West 22nd Street, Suite 2E
    New York, New York
    (212) 227–9003

*Attorneys for Defendant*
BroadbandTV Corp.